## REED v. STATE OF INDIANA.

[No. 25,104.    Filed June 11, 1926.    Rehearing denied October 26, 1926.]

CRIMINAL LAW.—*Meeting, of grand jury outside the courthouse is not cause for abating. the prosecution.*—The fact that a grand jury, with the consent and approval of the court, met elsewhere than in the courthouse while conducting an investigation which led to the return of an indictment, and while preparing and signing it, is not cause for abatement of the prosecution, and a demurrer to a plea in abatement setting up such facts was properly sustained.

From Floyd Circuit Court; *John M. Paris,* Judge.

James Reed was convicted of manslaughter, and he appeals. *Affirmed.*

*Robert R. Kelso,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

EWBANK, J.—The sole question for decision is whether the fact that with the consent and approval of the circuit court, and by its authority, the grand jury met elsewhere than in the courthouse while conducting an investigation which led to the return of an indictment and while preparing and signing it, is cause for the abatement of a prosecution based upon such indictment.

Appellant was charged by indictment with murder in the first degree, in that feloniously and with premeditated malice he shot and killed Clarence Langsdon. He filed a plea in abatement, alleging that on the corner of State and Spring streets in the city of New Albany there is and was a courthouse containing a court room and rooms for the county offices, "and having several additional rooms wherein any grand jury called to meet could meet and hold their sessions therein * * * rooms available and adaptable for the uses of said grand jury * * * and that there were several vacant rooms in said courthouse, available and adaptable to the uses of said grand jury." But that the grand jury that returned the indictment on which appellant was arraigned met "in a certain room, numbered 205, on the second floor of the Elsby building, a six story office building * * * located at the northwest corner of Pearl and Spring streets in the city of New Albany," and that all its sessions were held in that room "while investigating the commission of said alleged crime

charged in said indictment against this defendant," and "all the witnesses who appeared before the said grand jury appeared before them while they were holding sessions" in that room. The plea did not deny that the grand jury held its sessions at the place and in the room where the court had directed it to meet, nor that this was the place and room which the board of commissioners had provided for that purpose. But it alleged the conclusion of law "that neither the Floyd Circuit Court nor the judge thereof, nor the county commissioners of said county of Floyd had any power or authority to order or authorize said grand jury to meet and hold its sessions in said room No. 205 * * * that said grand jury which found said indictment and returned the same against this defendant had no power or authority in law or in fact to meet and hold its sessions in said room No. 205 in said Elsby building." And it further alleged that there was no emergency which required such meeting outside of the courthouse, and that the grand jury met in the courthouse only when they returned in open court the indictment which had been prepared and signed in said room No. 205.

A demurrer for the alleged reasons that it did not state facts sufficient was sustained to the plea in abatement, after which appellant entered a plea of not guilty and was tried by a jury which found him guilty of manslaughter, and judgment was rendered upon the verdict. Sustaining the demurrer to appellant's plea in abatement is the only error assigned.

Appellant has not pointed to any statute or rule of the common law which requires the grand jury to meet or hold its sessions in any particular room or building, or forbids it to hold sessions elsewhere than in the courthouse; while the only provision of the Constitution with relation to the place at which any part of

the trial of a criminal case shall take place is that the accused shall have the right to a public trial before an impartial jury in the county where the offense shall have been committed. Art. 1, §13, Constitution, §65 Burns 1926. On the other hand, the statutes make it the duty of the grand jury to meet for some purposes outside of the courthouse. They command that it shall inquire "into the condition and management of the public prisons and poor houses in the county," and expressly provide that "the grand jury, during term time of the court, shall be entitled to free access, at all reasonable times, to the county prison or prisons and the county poor house, for the purpose of examining their condition and management." §§2140, 2141 Burns 1926, §§107, 108, ch. 169, Acts 1905 p. 584, 609. And that, at each term of the circuit court, the grand jury shall make personal inspection of the county prison, and may condemn it as unsafe, or make recommendations with regard to the provision for prisoners with respect to air, clothing, heating, ventilation, and bedding, and thereby may impose upon the board of commissioners a duty to correct whatever the grand jurors think is wrong in such matters. §§12327, 12328, 12564 Burns 1926, §§6116, 6117, 6234 R. S. 1881.

The facts alleged in the plea in abatement failed to show that the grand jury had done anything forbidden by law or had failed to perform any duty which the law imposed upon it, or that appellant was prejudiced in any way either by what it did or what it failed to do. No error was committed in sustaining the demurrer to such plea.

The judgment is affirmed.